CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
10/07/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

ANDREA RIGGS,

Plaintiff,

v.

THE BARNS AT WOODBOURNE, LLC,
JULIE HAINES, and
DAVID FULTON,

Defendants.

Case No. 3:19-cv-00064

DEMAND FOR JURY TRIAL

# COMPLAINT

Plaintiff Andrea Riggs respectfully moves for judgment against Defendants THE BARNS AT WOODBOURNE, LLC, JULIE HAINES, and DAVID FULTON (individually or collectively, "Defendants") as follows:

**I.  SUMMARY OF ACTION**

1. This is a claim for unpaid overtime compensation, minimum wages, and/or tips in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA").

2. Plaintiff alleges Defendants violated the FLSA through their practices of A) not paying Plaintiff overtime compensation, B) at times not paying Plaintiff minimum wages, and C) at times keeping Plaintiff's tips.

3. Plaintiff seeks unpaid overtime, minimum wages, and tips, liquidated damages,

1

and attorneys' fees and costs arising out of the Defendants' FLSA violations.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

5. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) since the acts and omissions giving rise to this lawsuit have taken place in this division in the Western District of Virginia.

6. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia. Each Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over that Defendant to comply with traditional notions of fair play and substantial justice.

## III. PARTIES

7. Riggs is a resident of Virginia who was employed by Defendants as a Housekeeper and Innkeeper. Plaintiff was an "employee" as defined in the FLSA.

8. Defendant The Barnes at Woodbourne, LLC is a Virginia limited liability company with its principal office at 1830 Thrift Road, Madison, VA 22727. The Barnes at Woodbourne, LLC does business as "Walden Hall." The Barnes at Woodbourne, LLC is an "employer" as defined by the FLSA.

9. Defendants Julie Haines and David Fulton are owners of The Barnes at Woodbourne, LLC. At all times relevant, Haines and Fulton had ultimate authority over corporate operations as well as the terms and conditions of Plaintiff's employment. Haines and Fulton each meet the definition of "employer" as defined by the FLSA.

10. Plaintiff is informed, believes, and thereon alleges that each Defendant's gross annual sales made or business done is $500,000.00 or greater. Each Defendant operates in interstate commerce by, among other things, buying and/or selling goods and transacting business in multiple states, and/or by having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce in multiple states.

## IV.    JOINT EMPLOYER ALLEGATIONS

11. Defendants are in the business of operating a bed and breakfast, wedding venue, and event space called Walden Hall. Walden Hall is located in Reva, Virginia in Culpeper County. At all times relevant, Defendants were joint employers of Plaintiff for purposes of the FLSA. Defendants share common ownership and/or management and share responsibility over employer functions such as payroll.

12. Upon information and belief, Haines and Fulton are co-owners of The Barnes at Woodbourne, LLC. Plaintiff does not currently have sufficient facts to determine the precise relationship between Defendants.

13. Plaintiff reported her time worked by emailing her time records to Haines and Fulton. Defendants paid Plaintiff using payroll software identifying "The Barnes at Woodbourne, LLC" as the payor.

14. Defendants codetermined the essential conditions of Plaintiff's employment.

15. Upon information and belief, Defendants, formally and/or as a matter of practice, jointly determined, shared, or allocated the power to direct, control, or supervise Plaintiff, by direct or indirect means.

16. Upon information and belief, Defendants, formally and/or as a matter of practice,

jointly determined, shared, or allocated the power to, directly or indirectly, hire or fire the employees or modify the terms or conditions of their employment.

17. The relationship between Defendants as joint employers is long-standing, ongoing, and has a high degree of permanency.

18. Upon information and belief, through shared management or a direct or indirect ownership interest, one Defendant controls, is controlled by, or is under common control with the other Defendants.

19. The work of Plaintiff and other similarly situated employees includes work performed at Walden Hall, located at 17440 True Blue Lane, Reva, VA 22735. The management of that work was and is performed on premises owned or controlled by one or more Defendants, independently or in connection with one another.

20. Defendants, formally and/or as a matter of practice, jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll, marketing and advertising, determining the terms and conditions of employment, providing and developing the business process and logistics to carry out the work, and providing software, equipment, and other materials necessary to complete the work.

21. Defendants shared control over the terms and conditions of Plaintiff's employment.

V. **FACTUAL ALLEGATIONS**

22. From approximately March 2015 through May 2019, Riggs worked for Defendants at and around Walden Hall. During the entire period of her employment, Riggs worked for Defendants as a Housekeeper or Housekeeper/Innkeeper. Riggs worked as a

Housekeeper from approximately March 2015 until May 2019. Riggs worked as a Housekeeper/Innkeeper from approximately September 2016 until May 2019.

23. The job duties of the Housekeeper position involve cleaning the guests' rooms, cleaning the bed and breakfast and event spaces at Walden Hall, doing laundry, assisting with gardening, and decorating the premises. The Innkeeper position included those same duties, as well as preparing breakfast for guests, welcoming guests, checking in and checking out guests, and giving tours of the property. The cleaning duty was the duty that took the most of Plaintiff's working time.

24. During the entire period of her employment, Defendants paid Riggs on an hourly basis.

25. The base hourly rates, not counting any bonuses, Defendants paid to Riggs ranged from $14.00 per hour in 2015 to $17.00 in 2019.

26. In addition to the base hourly rates, pursuant to a verbal compensation agreement with Defendants, Riggs was paid a commission/bonus equal to 50% of the gratuities that guests paid using their credit or debit cards at checkout.

27. In addition, Plaintiff sometimes received cash tips that guests left in their rooms. These were divided between Plaintiff and the other housekeeping staff.

28. Plaintiff recorded her time worked each day using an Excel spreadsheet. Plaintiff turned in these spreadsheets to Defendants.

29. Defendants regularly scheduled Plaintiff to work in excess of 40 hours per week.

30. Plaintiff regularly worked in excess of 40 hours per week. Defendants regularly suffered and/or permitted Plaintiff to work in excess of 40 hours per week.

31. Defendants knew or should have known Plaintiff was working in excess of 40 hours per week, because Defendants monitored the time Plaintiff worked each day through the Excel spreadsheets and other means.

32. The employee time and pay records maintained by Defendants show that Plaintiff regularly worked in excess of 40 hours per week.

33. Plaintiff was entitled to overtime compensation equal to one and a half times her regular rate of pay for all time worked in excess of 40 hours per week.

**A.     Defendants' Practice of Not Paying Overtime Compensation**

34. Even though Plaintiff regularly worked more than 40 hours in a week, Defendants did not pay her overtime compensation. Instead, Defendants paid only straight time for hours worked in excess of 40 per week.

35. Defendants' pay records expressly show their practice of not paying overtime compensation to Plaintiff.

36. For example, for the pay period of 8/16/17 to 8/31/17, Riggs worked at least 104.67 hours. This is reflected on her pay stub. Riggs therefore worked at least approximately 24.67 overtime hours during this pay period. Defendants, however, paid only straight time and did not pay Riggs any overtime compensation for the hours she worked in excess of 40 per week during this period.

37. As an additional example of Defendants' practice of not paying overtime compensation to Plaintiff, for the pay period of 7/1/2018 to 7/15/2018, Riggs worked at least 143.92 hours. This is reflected on her pay stub. Riggs therefore worked at least approximately 63.92 overtime hours during this pay period. Defendants, however, paid only straight time and

6

did not pay Riggs any overtime compensation for the hours she worked in excess of 40 per week during this period.

38. As an additional example of Defendants' practice of not paying overtime compensation to Plaintiff, for the period of 4/16/2019 to 4/30/2019, Riggs worked at least 89.5 hours. This is reflected on her pay stub. Riggs therefore worked at least approximately 9.5 overtime hours during this pay period. Defendants, however, paid only straight time and did not pay Riggs any overtime compensation for the hours she worked in excess of 40 per week during this period.

39. The above examples are not exhaustive. Defendants had a practice of regularly and routinely not paying overtime compensation to Plaintiff for time worked in excess of 40 hours per week.

40. Defendants' practice of not paying overtime compensation to Plaintiff is reflected in Defendants' time and pay records, including employee earnings statements and pay stubs.

41. Defendants suffered and/or permitted Plaintiff to work more than 40 hours per week without overtime compensation.

42. Defendants knew or should have known that their practice of not paying Plaintiff overtime compensation for time worked in excess of 40 hours per week violated the overtime provisions of the Fair Labor Standards Act.

**B.  Defendants' Practices of Sometimes Keeping Plaintiff's Tips and Failing to Pay Minimum Wage for Certain Hours**

43. In addition to the practice of not paying overtime compensation to Riggs, Defendants also at times kept tips that guests left for Plaintiff.

44. For example, in April and May 2019, upon information and belief, Defendants' guests left at least $741.57 in tips for Plaintiff.

45. Instead of allowing Plaintiff to keep these tips, Defendants kept the tips for themselves.

46. In April and May 2019, Plaintiff was the only employee of Defendants who received tips.

47. Defendants' practice of sometimes keeping Plaintiffs' tips is reflected in Defendants' records of guest payments, including receipts, and in Plaintiff's pay stubs.

48. Defendants knew or should have known that their practice of sometimes keeping Plaintiff's tips violated the Fair Labor Standards Act, which provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of the employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

49. In addition, Defendants at times paid Plaintiff less than the required federal minimum wage of $7.25 for certain hours worked. For example, for the pay period of 6/16/17 to 6/30/17, Defendants paid Plaintiff an hourly rate of $3.50 for 2.75 hours worked.

50. Defendants suffered and/or permitted their Riggs to work without being paid minimum wages for certain hours.

51. Defendants knew or should have known that their practice of sometimes paying Plaintiff less than minimum wage for certain hours worked violated the minimum wage provisions of the Fair Labor Standards Act.

**C.     Additional Allegations**

52. During her employment with Defendants, Riggs was not employed in any bona fide executive, administrative, or professional capacity.

53. Based on the nature of Plaintiff's job duties and hourly pay, there is no FLSA exemption that applies to preclude her from being paid one and one-half times her regular rate of pay for all hours worked in excess of 40 per week.

54. There is no FLSA exemption that applies to allow Defendants to keep tips received by Plaintiff.

55. Based on the nature of Plaintiff's job duties and hourly pay, there is no FLSA exemption that applies to preclude her from being paid at least minimum wage for all hours worked.

56. Defendants willfully violated the FLSA by not paying Plaintiff overtime compensation.

57. Defendants willfully violated the FLSA by keeping tips received by Plaintiff.

58. Defendants willfully violated the FLSA by not paying Plaintiff minimum wage for certain hours.

59. At all relevant times Defendants intended to deprive Plaintiff of the overtime pay and/or tips and/or minimum wages to which she was entitled to under the FLSA, or acted with reckless disregard for her rights under the FLSA.

60. Defendants' practice of not paying overtime compensation amounted to a willful or reckless disregard of Plaintiff's rights under the FLSA.

61. Defendants had no good faith basis to believe that not paying overtime compensation was somehow allowable under the FLSA.

62. Defendants' practice of not paying minimum wage for certain hours amounted to a willful or reckless disregard of Plaintiff's rights under the FLSA.

63. Defendants had no good faith basis to believe that not paying minimum wage for certain hours was somehow allowable under the FLSA.

64. Defendants' practice of sometimes keeping Plaintiff's tips amounted to a willful or reckless disregard of Plaintiff's rights under the FLSA.

65. Defendants had no good faith basis to believe that keeping Plaintiff's tips was somehow allowable under the FLSA.

66. Plaintiff asserts that Defendants' willful disregard of the overtime, minimum wage, and tip laws described herein entitles Plaintiff to the application of the three (3) year limitations period.

67. Plaintiff's job duties are not exempt from the coverage of the FLSA.

68. At all relevant times, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

## VI. CLAIMS

### COUNT I: VIOLATIONS OF FAIR LABOR STANDARDS ACT
### (Overtime Violations)

69. Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

70. At all times relevant herein, each Defendant has been, and continues to be, an "employer," and Plaintiff has been, or continues to be, an "employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

71. The FLSA requires covered employers, such as Defendants, to compensate all

non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, Plaintiff is entitled to overtime compensation at one and one-half times her regular rate of pay for work performed in excess of forty hours per week.

72. By failing to compensate Plaintiff with overtime compensation for her overtime hours worked, Defendants have violated the FLSA.

73. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

74. Plaintiff seeks damages in the amount of unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

### COUNT II: VIOLATIONS OF FAIR LABOR STANDARDS ACT
**(Minimum Wage Violations)**

75. Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

76. At all times relevant herein, each Defendant has been, and continues to be, an "employer," and Plaintiff has been, or continues to be, an "employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

77. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a minimum wage rate of not less than $7.25 per hour. 29 U.S.C. § 206. As such, Plaintiff is entitled to a minimum wage of at least $7.25 per hour for all work

11

Case 3:19-cv-00064-GEC   Document 1   Filed 10/07/19   Page 11 of 15   Pageid#: 11

performed.

78. By failing to compensate Plaintiff with at least minimum wages for all time worked, Defendants have violated the FLSA.

79. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

80. Plaintiff seeks damages in the amount of unpaid minimum wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

### COUNT III: VIOLATIONS OF FAIR LABOR STANDARDS ACT
### (Tip Requirements)

81. Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

82. At all times relevant herein, each Defendant has been, and continues to be, an "employer," and Plaintiff has been, or continues to be, an "employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

83. The FLSA provides that an employer, such as Defendants, "may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of the employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B). As such, Plaintiff is entitled to keep the tips she received.

84. By sometimes keeping tips received by Plaintiff, Defendants have violated the FLSA.

85. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

86. Plaintiff seeks damages in the amount of unpaid tips, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests the following relief against Defendants:

A. Judgment that Plaintiff was a non-exempt employee entitled to protection under the FLSA;

B. Judgment against Defendants for violations of the overtime and/or minimum wage and/or tip provisions of the FLSA;

C. Judgment that Defendants' violations as described above were willful;

D. Money damages for all unpaid overtime, minimum wage, and tip compensation;

E. Liquidated damages in an amount equal to all unpaid overtime, minimum wages, and tips owed to Plaintiff;

F. Pre-judgment and post-judgment interest;

G. Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

H. Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime, minimum

wages and/or tips under the FLSA;

I. Any and all further relief permissible by law,

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all claims and issues so triable.

Respectfully submitted,

ANDREA RIGGS,
By Counsel

Dated: October 5, 2019

/s/Timothy Coffield
Timothy Coffield (VSB 83430)
COFFIELD PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
P: (434) 218-3133
F: (434) 321-1636
tc@coffieldlaw.com

Counsel for Plaintiff

## CERTIFICATE

I HEREBY CERTIFY that if service is not waived a true and correct copy of the foregoing Complaint will be delivered to a qualified process server with instructions to serve the same upon the Defendants or their authorized agents at the following addresses, or any other addresses where Defendants may be found:

THE BARNES AT WOODBOURNE, LLC
SERVE:   David Fulton, Registered Agent
           1830 Thrift Road
           Madison, VA 22727
           (alternate address)
           17440 True Blue Lane
           Reva, VA 22735
           (alternate address)
           39 Clore Road
           Madison, VA 22727

JULIE HAINES
SERVE:   Julie Haines
           1830 Thrift Road
           Madison, VA 22727
           (alternate address)
           17440 True Blue Lane
           Reva, VA 22735
           (alternate address)
           39 Clore Road
           Madison, VA 22727

DAVID FULTON
SERVE:   David Fulton
           1830 Thrift Road
           Madison, VA 22727
           (alternate address)
           17440 True Blue Lane
           Reva VA 22735
           (alternate address)
           39 Clore Road
           Madison, VA 22727

<u>/s/Timothy Coffield</u>
Counsel for Plaintiff